**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MATTHEW E. GREENE,
                    Appellant,

                    v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DE-3330-20-0127-I-1

DATE: July 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew E. Greene</u>, Lincoln, Nebraska, pro se.

<u>Ryan Devine</u>, Fort Gregg Adams, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which granted his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In September 2019, the agency announced a vacancy for the competitive service position of GS-07 Supervisory Store Associate under merit promotion procedures. Initial Appeal File (IAF), Tab 7 at 60-72. The appellant, a preference eligible veteran, applied for the position. *Id.* at 42-58. However, the agency removed the appellant's application from consideration, and it issued a certificate of eligibles that contained only one candidate, another preference eligible, whom the agency ultimately selected. *Id.* at 31, 40.

The agency subsequently determined that it had erred in excluding the appellant from consideration, and on October 25, 2019, it notified him of the matter and of its intention to afford him priority consideration for the next Supervisory Store Associate vacancy at the same location. *Id.* at 29. The appellant contacted the Department of Labor (DOL). *Id.* at 26-27. DOL found that the appellant's case had merit because the agency violated his right to compete under 5 U.S.C. § 3304(f)(1), and the agency admitted as much. *Id.* at 17-18, 23-24. DOL advised the agency that the proper remedy would be to

remove the selectee from the Supervisory Store Associate position and reconstruct the hiring process. *Id.* at 17. The agency declined, stating that priority consideration was the more appropriate remedy. *Id.* at 13, 15. Thus, DOL was unable to resolve the appellant's complaint, and it notified the appellant of his right to file a Board appeal. IAF, Tab 1 at 4.

The appellant timely filed the instant VEOA appeal, and after the record closed, the administrative judge issued an initial decision granting corrective action on the merits. IAF, Tab 1, Tab 15, Initial Decision (ID). She ordered the agency to reconstruct the selection process. ID at 5.

The appellant has filed a petition for review, seeking to modify the administrative judge's relief order. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

On petition for review, the appellant has raised two concerns about the efficacy of any reconstructed selection process, both stemming from the fact that the original selectee has now been working in the Supervisory Store Associate position for some time. First, the appellant is concerned that the experience that the original selectee has gained in the interim might be considered in the reconstructed selection, thereby putting the appellant at an unfair disadvantage. PFR File, Tab 4-5. Second, the appellant is concerned that store management will not be open to selecting him over their original selectee in any case. *Id.* at 4. The appellant therefore requests that the administrative judge's relief order be modified to require that the selection be made by an individual who is not part of store management and to prevent the selecting official from considering training and experience that the original selectee gained during the pendency of the instant appeal. *Id.* at 6.

We have considered the appellant's argument, but we find nothing wrong with the language of the administrative judge's order. The order was nonspecific

about exactly what the agency needs to do in order to reconstruct the selection process, ID at 5, but this is fairly standard ordering language in VEOA appeals, *see, e.g.*, *Weed v. Social Security Administration*, 107 M.S.P.R. 142, ¶ 15 (2007); *Olson v. Department of Veterans Affairs*, 100 M.S.P.R. 322, ¶ 11 (2005). The Board will sometimes give an agency more specific instructions, but this is normally only after the Board has found the agency to be in noncompliance with the original order. *See, e.g.*, *Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶¶ 21-22 (2010); *Williams v. Department of the Air Force*, 110 M.S.P.R. 451, ¶¶ 16-17 (2009). This approach allows for greater flexibility for the parties to agree on a mutually beneficial approach to compliance, consistent with the particular circumstances of their case, before further involving the Board in the matter. In this regard, we note that the arguments that the appellant is raising on petition for review would arguably be more appropriate for him to raise in a petition for enforcement if, after the agency reconstructs the selection process, he believes that the reconstruction was somehow deficient. *See generally*, 5 C.F.R. part 1201, subpart F (regulations pertaining to enforcement of final decisions and orders). For these reasons, we decline to modify the ordering language of the initial decision.

In so ruling, we are mindful that, in refusing to reconstruct the selection process at the behest of DOL, the agency relied on the Defense Commissary Agency's Merit Staffing Plan Manual, which provides for priority placement consideration in cases like this one. IAF, Tab 7 at 15, 76. The agency is reminded that its own internal policies and procedures do not override the law, which requires reconstruction of the original selection process. *See Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 9 (2016); *Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254, ¶ 13 (2014). The agency is further reminded that, in order to properly reconstruct the selection process, it must conduct an actual selection process based on the same circumstances surrounding the original faulty selection. This includes taking the

original selectee out of the position, conducting and evaluating interviews so that they are meaningfully comparable with the original selectee's interview, and filling the same number of vacancies as before. *Russell v. Department of Health and Human Services*, 120 M.S.P.R. 42, ¶ 13 (2013). If in doubt about the requirements for a reconstructed selection process, the agency should consult the Board's case law for guidance.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.